**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF COLUMBIA**

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | Case no. 1:21-cr-160 |
| Plaintiff, ) | |
| ) | |
| v. ) | UNOPPOSED MOTION TO MODIFY |
| ) | CONDITIONS OF PRETRIAL RELEASE |
| Cory Konold, ) | |
| ) | |
| Defendant. ) | |

## DEFENDANTS MOTION TO MODIFY CONDITIONS OF PRETRIAL RELEASE

COMES NOW the defendant, Cory Konold, by and through undersigned counsel, pursuant to 18 U.S.C. §3142 and Rule 12 of the Federal Rules of Criminal Procedure, and hereby respectfully request that this honorable court to enter an order modifying his pretrial release conditions by suspending the requirement of that he be subject to Stand Alone Monitoring with GPS. In support of this motion the defendant states the following in support:

1. The defendant is on pretrial release and under the supervision of the U.S. Probation and Pretrial Services Office for the District of Arizona.

2. The defendant has consulted with Pretrial Services officer, Manny Calderon, who has advised him to seek a court order to allow for termination of the Stand Alone Monitoring with GPS.

3. The defendant is fully compliant with the conditions of his release.

4. The defendant now seeks modification of this Court's order, specifically 7(p)(2), to allow the Defendant to successfully maintain his employment without risk of termination.

5. The defendant respectfully requests that the Court modify the conditions of his pretrial release by suspending the Stand Alone Monitoring with GPS requirement due to his

current work assignment. Mr. Konold is a full-time digger and line installer who is employed by Cox Communications where he lays fiber for internet along roadways, homes, and businesses. Mr. Konold has had to leave work unexpectedly because of malfunctions with the Stand Alone Monitoring with GPS. This has caused him to lose full days of work because once returning home to rectify the problem, the device then locks. These multiple occurrences have jeopardized his employment. By terminating the Stand Alone Monitoring Mr. Konold will be able to successfully maintain employment.

6. The Conditions of Release to Stand Alone Monitoring do allow for the Defendant to leave the home for employment; however, the Defendant is prohibited from engaging in activities he participated in prior to Stand Alone Monitoring.

7. The defendant has been prohibited from hiking, performing mechanic work on vehicles, and effected his ability to maintain physical fitness.

8. The defendant is skilled in performing mechanic work. Friends and family members have asked for the defendant to perform work on their vehicles which generates income for the defendant.

9. The defendant resides in an older home that requires continued maintenance. Due to the nature of the contracting work needed, Defendant must leave the home to purchase materials to maintain this home.

10. Defendant would like to maintain his health by attending appointments and maintaining his physical fitness. Prior to the Stand Alone Monitoring Defendant regularly attended Chiropractic appointments and maintained his physical fitness through outdoor activities.

WHEREFORE, we pray that the Court vacate the location monitoring and ankle bracelet requirements in this case.

> KODNER WATKINS, LC
>
> By: */s/ Albert S. Waktins*
> ALBERT S. WATKINS, LC DC#399625
> 1200 S. Big Bend Blvd.
> St. Louis, MO 63117
> (314) 727-9111
> (314) 727-9110 Facsimile
> albertwatkins@kwklaw.net

## **CERTIFICATE OF SERVICE**

Signature above is also certification that on September 9th, 2021 a true and correct copy of the foregoing was electronically filed with the Clerk of the Court utilizing the CM/ECF system which will send notification of such filing to all parties of record.