## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| | : | **Case No. 21-cr-160-4 (TJK)** |
| **v.** | : | |
| | : | |
| **CORY KONOLD** | : | |

### GOVERNMENT'S OPPOSITION TO DEFENDANT CORY KONOLD'S MOTION TO MODIFY CONDITIONS OF RELEASE

The United States, by and through its attorney, the United States Attorney for the District of Columbia, respectfully submits this opposition to Defendant Cory Konold's ("the defendant") Motion to Modify Conditions of Release (ECF No. 95). The government opposes the defendant's motion in part but does not oppose certain modifications to his release conditions.

As the government has previously stated in both of its oppositions to Defendant Felicia Konold's motions to modify the conditions of her release (ECF Nos. 57 and 96), the defendant has the burden to show that there is either new information or there has been a change in circumstances that would have a material bearing on the defendant's risk of danger to the community such that it would warrant a modification of the conditions of release. *See e.g. United States v. Hebron*, No. CRIM.A. 97-178 (TAF), 1997 WL 280568, at *1 (D.D.C. May 22, 1997); *accord United States v. Bikundi*, 73 F. Supp. 3d 51, 54 (D.D.C. 2014) (citing 18 U.S.C. § 3142(f)(2)(B)). The defendant offers no new information or change in circumstances that would warrant a stepdown in his supervision. Like his co-defendants, including his sister Felicia Konold, the defendant is on supervision for serious crimes and remains a risk of danger to the community. General supervision without electronic monitoring is therefore inappropriate for this defendant.

However, the government understands that the defendant has unpredictable employment

1

opportunities that requires flexibility with his electronic monitoring. As the government suggested in its most recent opposition to Defendant Felicia Konold's motion to modify conditions of release, the government believes that stepdown from home detention to a home curfew from 9:00 p.m. to 6:00 a.m. with electronic monitoring would continue to protect the community while also giving the defendant flexibility for his employment.

For these reasons, the government respectfully requests that the defendant's motion be denied in part, but allow for some modification of his conditions of release to facilitate employment opportunities.

Respectfully submitted,

CHANNING D. PHILLIPS
Acting United States Attorney
D.C. Bar No. 415793


By:      /s/ Christopher A. Berridge
         Christopher A. Berridge
         Assistant United States Attorney
         GA Bar No. 829103
         555 Fourth Street, N.W.
         Washington, D.C. 20530
         Telephone: (202) 252-6685
         Christopher.Berridge@usdoj.gov